IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CV-164-D

| ROBERT M. ZANE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Robert M. Zane ("plaintiff" or "claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for a period of disability and disability insurance benefits ("benefits"). Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original & emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections to the M&R, the court applies the same legal standard that Judge Gates discussed in the M&R. See M&R 2–4. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On July 26, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. See R. at 279–326. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. § 404.1520(a)(4) (2007). Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not, whether he can perform other work in light of his age, education, work experience, and RFC. See M&R 3; R. at 16. The claimant bears the burden of proof at steps one through four, but the burden

2

shifts to the Commissioner at step five. See, e.g., Bowen v. Acarid, 482 U.S. 137, 146 n.5 (1987).

On January 25, 2006,[1] the ALJ denied claimant's application for benefits. R. at 15–28. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Id. at 16–17.[2] Next, the ALJ determined that plaintiff had the severe impairments of post-traumatic stress disorder ("PTSD") and irritable bowel syndrome ("IBS"). Id. at 17–22. At step three, the ALJ found that plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the criteria of a listed impairment under 20 C.F.R. § 404, Subpart P, App. 1. Id. at 22–23. At step four, the ALJ evaluated plaintiff's testimony and the medical evidence and determined that plaintiff possessed the RFC to perform a significant range of work at all exertional levels. Id. at 23–25. The ALJ limited plaintiff's RFC to a job in a low-stress environment (i.e., in a non-production setting) and to one that involves no contact with the general public and only occasional contact with co-workers. Id. Based on plaintiff's RFC, the ALJ found that plaintiff could not return to his past relevant work. Id. at 25. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and concluded that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 26–27. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 27.

On August 31, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 4–6. Plaintiff filed this action,

---

[1]The ALJ's decision is incorrectly date stamped "JAN 25 2005."

[2]The ALJ indicated that claimant reported earnings in the year of and following the date of the alleged disability onset date and requested additional evidence to determine if claimant engaged in substantial gainful work activity. See R. at 16. Ultimately, the ALJ found that claimant had not engaged in substantial gainful activity since the alleged onset of disability. See id. at 27, ¶ 2.

3

and the parties filed cross-motions for judgment on the pleadings. On December 31, 2007, Judge Gates issued a thorough M&R rejecting plaintiff's arguments.

III.

Plaintiff makes four objections to the M&R: (1) the ALJ failed to properly assess the medical evidence in determining plaintiff's RFC; (2) the ALJ gave improper weight to the opinions of two non-physician health practitioners; (3) the ALJ failed to properly assess plaintiff's credibility; and (4) the ALJ improperly relied on VE testimony.

A.

First, plaintiff argues that the ALJ failed to properly assess the medical evidence in determining plaintiff's RFC. See Objs. to M&R 1–3. Specifically, plaintiff argues that the ALJ failed to consider negative evidence detailed in a mental status examination report and failed to incorporate into plaintiff's RFC certain moderate limitations identified by Dr. Cooke, a non-examining psychologist. See id.

This court's inquiry is limited to whether the ALJ's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. See Craig, 76 F.3d at 589. An ALJ is not required to comment on every piece of evidence in the record. See, e.g., Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam); Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir. 1989). When conflicting evidence is presented, it is the province of the ALJ, and not this court, to resolve those inconsistencies. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ meticulously detailed claimant's medical history and course of treatment, beginning on November 7, 2001. See R. at 17–19. The ALJ noted that plaintiff had received only minimal treatment for PTSD, as evidenced by several year-long gaps in his treatment, and noted that

he had never been hospitalized for PTSD. See id. at 24, 222, 228, 231–32, 303–04. The ALJ independently assessed claimant's mental capacity, including whether claimant's panic attacks and depression imposed an additional episodic limitation on his RFC. Id. at 22–23. The ALJ also considered claimant's testimony, two opinions of non-physician sources, and evaluations submitted by Disability Determination Services ("DDS"). Id. at 19–20, 23–24. Accordingly, the ALJ's finding that plaintiff could perform a significant range of work at all exertional levels, with limitation to a job in a low-stress environment, is supported by substantial evidence. See Craig, 76 F.3d at 589.

Plaintiff also contends that the ALJ failed to incorporate into plaintiff's RFC certain moderate limitations that Dr. Cooke identified. See Objs. to M&R 2–3. Specifically, Dr. Cooke identified moderate limitations in the categories of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. See R. at 96–97.

In his objection, plaintiff focuses on specific moderate limitations identified in Dr. Cooke's assessment, see R. at 96–97, but ignores Dr. Cooke's overall assessment — that "[plaintiff] was capable of SRRT's [simple, routine, repetitive tasks] in a low-stress setting [with] limited social interactions." Id. at 98. A moderate limitation with respect to a mental impairment does not presumptively indicate a disabling impairment. See 20 C.F.R. § 404.1520a(c)(4), (d)(1)–(3); see also Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000); White v. Barnhart, 454 F. Supp. 2d 609, 615 (E.D. Tex. 2006). The ALJ ascribed some weight to Dr. Cooke's findings and incorporated his conclusion into plaintiff's RFC. See R. at 24. As described, the ALJ thoroughly reviewed plaintiff's medical history and found it unnecessary to further limit plaintiff's RFC.

Although there may be contrary evidence in the record, the court does not "undertake to re-

5

Case 7:06-cv-00164-D   Document 24   Filed 02/05/08   Page 5 of 9

weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. The ALJ's decision is supported by substantial evidence and is accordingly affirmed. See id.

B.

Plaintiff contends that the ALJ gave improper weight to the opinions of psychiatric nurse practitioner Edith D'Aquila-Lloyd ("D'Aquila-Lloyd") and social worker Joanne Bagby ("Bagby") in assessing plaintiff's RFC. See Objs. to M&R 3–6. Plaintiff argues that the ALJ failed to explain his basis for giving no weight to the non-physician opinions and suggests that in light of the ALJ's failure, the Commissioner and M&R improperly created and relied on new grounds to support the Commissioner's final decision. See id. at 4.

After the ALJ issued his decision, but before the Appeals Council ruled, the Social Security Administration issued Social Security Ruling 06-03p, clarifying the procedure an ALJ should follow when evaluating opinions from sources who are not "acceptable medical sources." See Soc. Sec. Rul. 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Under Social Security Ruling 06-03p, the ALJ should evaluate opinions from these "other sources" (such as nurse practitioners or licensed clinical social workers) using the same factors that apply to evaluating opinions from acceptable medical sources, see 20 C.F.R. § 404.1527(d), and generally should explain the weight given to such opinions. Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *2–*6. Some courts have questioned whether this ruling applies retroactively. See, e.g., Cruse v. Comm'r, 502 F.3d 532, 541–42 (6th Cir. 2007) (declining to apply retroactively). But see Sloan v. Astrue, 499 F.3d 883, 889 (8th Cir. 2007) (applying retroactively to cases on appeal). Assuming (without deciding) that Social Security Ruling 06-03p applies retroactively, the ALJ complied with its requirements. The ALJ specifically

indicated that he gave no weight to D'Aquila-Lloyd and Bagby's opinions. See R. at 23. In support, the ALJ explained that the opinions were not supported by objective medical evidence and seemed to be based primarily on plaintiff's subjective complaints. Id. at 23–24. The ALJ then detailed several discrepancies between plaintiff's testimony regarding his daily activities and statements regarding his mental condition. Id. The ALJ also indicated that he looked to the factors in 20 C.F.R. § 404.1527 in making his determination. Id. at 23. In sum, the ALJ complied with Social Security Ruling 06-03p.

Plaintiff also argues that the Commissioner and M&R improperly created and relied on new grounds to support the Commissioner's final decision. See Objs. to M&R 4–5. As explained, the ALJ complied with the requirements of Social Security Ruling 06-03p by stating that he gave no weight to the non-physician statements and explaining his rationale. The statements to which plaintiff refers merely corroborate the rationale explicitly stated by the ALJ and respond to why plaintiff's contention lacks merit. See Def.'s Mem. in Supp. of Comm'r's Mot. for J. on the Pleadings 18–19; M&R 14 n.8. Accordingly, plaintiff's objection is overruled.

C.

Plaintiff next claims that the M&R erred in affirming the ALJ's credibility analysis. See Objs. to M&R 6. In determining the credibility of a plaintiff's testimony, the ALJ must consider the entire record, including objective medical evidence, the individual's statements, and other information provided by treating and examining physicians. See Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4–*5 (July 2, 1996) (identifying factors to be considered in assessing the credibility of the claimant's statements about symptoms). Here, the ALJ considered plaintiff's testimony and fully explained the reasons for discounting plaintiff's credibility. R. at 21–22. Specifically, the

7

ALJ noted several discrepancies between plaintiff's hearing testimony, his statements made to treating physicians, and his actual medical course of treatment. Id.; compare, e.g., id. at 291–95, 297–98, 302–03 with id. at 228–29, 296–97, 307–08 (discrepancies regarding plaintiff's daily activities). Plaintiff's contention that the ALJ relied on inaccurate statements of the evidence in making his credibility determination lacks merit. The evidence that the ALJ cited – plaintiff's statements to treating physicians, medical records, treating physicians' statements, and plaintiff's hearing testimony – is wholly derived from the record and accurately reflects the record. Simply because claimant can identify other evidence in the record supporting his alleged impairments does not diminish the ALJ's analysis. See, e.g., Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999). When conflicting evidence is presented, it is the province of the ALJ, and not this court, to resolve those inconsistencies. See Hays, 907 F.2d at 1456. Because substantial evidence supports the ALJ's credibility determination, plaintiff's objection is overruled. See Craig, 76 F.3d at 589.

D.

Finally, plaintiff objects to the M&R's acceptance of the ALJ's reliance on VE testimony. See Objs. to M&R 6–7. Plaintiff argues that the ALJ erred because he posed an inaccurate hypothetical to the VE that failed to incorporate all of plaintiff's limitations. Id.

In order to be helpful, a VE's opinion must be "in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). A hypothetical question is proper if it adequately reflects a claimant's RFC for which the ALJ had sufficient evidence. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005). The hypothetical was proper, and the ALJ's RFC determination is supported by substantial evidence. Accordingly, plaintiff's objection is overruled. See Craig, 76 F.3d at 589.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner denying plaintiff's application for benefits is AFFIRMED.

SO ORDERED. This 5 day of February 2008.

JAMES C. DEVER III
United States District Judge